# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA GLASSMAN, | 1:18-cv-00945-LJO-BAM |
| Plaintiff, | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF Nos. 16, 17) |
| v. | |
| ALEX M. AZAR, II, in his official capacity as Secretary of the Department of Health and Human Services, | |
| Defendant. | |

## I. INTRODUCTION

Plaintiff Linda Glassman seeks review of a May 9, 2018, decision of the Department of Health and Human Services' ("DHS") Medicare Appeals Council denying reimbursement for the cost of air ambulance transport from Maui, Hawaii, to Fresno, California. ECF No. 1. In February 2019, Defendant Alex M. Azar—sued here in his official capacity as the Secretary of DHS ("Secretary")—and Plaintiff each filed Motions for Summary Judgment. ECF Nos. 16, 17. Replies from Plaintiff and Defendant were filed in March 2019. ECF Nos. 18, 19. The motions were taken under submission on the papers pursuant to Local Rule 230(g). ECF No. 20. For the following reasons, Plaintiff's Motion for Summary Judgment is DENIED and Defendant's Motion for Summary Judgment is GRANTED.

## II. BACKGROUND

On May 26, 2017, Plaintiff slipped and fell while on vacation in Maui, Hawaii. Administrative Record ("AR"), ECF No. 15-1, at 17. An ambulance transported her 40 miles to Maui Memorial Medical Center Outpatient Clinic. *Id.* She was diagnosed with a shattered left kneecap, fractured left

1

femur, fractured left pelvis, dislocated left hip, and dislocated left rectus muscles. *Id.* Plaintiff asserts that she was given medical advice to return home to Fresno to have her surgery done by a hip and knee specialist who could also oversee her rehabilitation and post-operative care. AR 13-14. Plaintiff's son garnered bids from three air ambulance companies. AR 18. Plaintiff selected the lowest of the three bids and paid approximately $50,000 by wire transfer. *Id.*

Plaintiff's spouse submitted a claim for reimbursement to Medicare for the cost of transportation on June 16, 2017. AR 85. On June 28, 2017, the Medicare contractor denied coverage for Plaintiff's Medicare claim. AR 79, 81. The Medicare program provides for five levels of appeal of an initial determination: 1) redetermination; 2) reconsideration; 3) an Administrative Law Judge ("ALJ") hearing; 4) a Medicare Appeal Council ("MAC") hearing; and 5) judicial review in a United States District Court. 42 U.S.C. §§ 1395ff(a)(1)-(d)(2); 42 C.F.R. §§ 405.940-.1136. Plaintiff requested redetermination, which also resulted in a decision of no coverage on August 17, 2017. AR 63. Plaintiff sought reconsideration and was again denied coverage on October 31, 2017. AR 50. Plaintiff requested a decision by an ALJ based on the evidence in the record, waving a hearing. AR 17. The ALJ also denied coverage on January 18, 2018. AR 26. Plaintiff appealed to the MAC, who adopted the ALJ's decision denying coverage on May 9, 2018. AR 7. This final decision from the MAC is the official decision of the Secretary. 42 C.F.R. § 405.1136(d). This exhausts Plaintiff's administrative remedies and permits her to seek judicial review. 42 C.F.R. § 405.1136(a).

### III. STANDARD OF DECISION

A beneficiary may seek judicial review of an unsatisfactory determination regarding their Medicare benefits so long as they first exhaust the administrative appeals process. 42 U.S.C. § 1395ff(b)(2)(C); 42 C.F.R. § 405.1136. Judicial review of an exhausted Medicare claim dispute is governed by the Administrative Procedure Act, 5 U.S.C. §§ 701-706, which provides that an agency's decision "will be affirmed unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Int'l Rehab. Scis. Inc. v. Sebelius*, 688 F.3d 994, 1000 (9th Cir. 2012)

(explaining review standard established by 5 U.S.C. § 706) (internal quotation marks omitted). The findings are conclusive if they are supported by "substantial evidence," which is defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* An agency's determination can be overturned as arbitrary and capricious if:

> [T]he agency relied on factors which Congress had not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Nat'l Ass'n of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 645 (2007) (internal quotation marks omitted).

## IV. ANALYSIS

The burden of proving each element of a Medicare claim lies with the beneficiary by a preponderance of the evidence, which must be satisfied through the submission of sufficient competent evidence in accordance with Medicare rules. *See* Sections 1814(a)(1), 1815(b), and 1833(e) of the Social Security Act; 42 C.F.R. § 424.5(a)(6), 42 C.F.R. § 405.1018, 42 C.F.R. § 405.1028, and 42 C.F.R. § 405.1030. Payment is contingent upon the beneficiary meeting their burden of proof. *In the Case of Custom Healthcare*, No. M-11-1771, 2012 WL 1671506, at *2 (H.H.S. MAC Mar. 2, 2012).

### A. The Secretary's Determination to Deny Payment Due to Regulations Limiting Coverage to Transport to the Nearest Appropriate Facility

Ambulance services are only covered by Medicare if they meet regulatory requirements. 42 U.S.C. § 1395x(s)(7). In this case coverage was denied by the MAC based on 42 C.F.R. § 410.40(e)(1), which provides that ambulance transportation is only covered "[f]rom any point of origin to the nearest [facility] that is capable of furnishing the required level and type of care." AR 5. *See also Downing v. Dep't of Health and Human Servs.*, No. 1:12–CV–22, 2013 WL 1281795, at *3 (N.D. Ind. Mar. 6, 2013) (supporting a decision denying coverage pursuant to § 410.40(e)(1) because the destination was not the

proper type of facility); *In the Case of Eagle Med*, No. M-12-1937, 2012 WL 10067674, at *2-3 (H.H.S. MAC, Nov. 8, 2012) (denying coverage for transport beyond the nearest appropriate facility). This rule is further clarified in the Medicare Benefit Policy Manual[1], 100-02, Chapter 10, Section 20, item #5, which says that if the patient is not transported to the nearest appropriate facility, Medicare will make partial payment, but only the amount that would have been payable had the patient been transported to the nearest appropriate facility. An "appropriate facility" is defined in accordance with 42 C.F.R. § 410.40(e)(1) by the Medicare Benefit Policy Manual, 100-02, Chapter 10, 10.3.6, and includes such factors as having both the necessary equipment and the necessary staff, and explicitly does not consider if a more distant facility is better equipped so long as the closer facility can provide the necessary treatment. *See In the Case of Eagle Med*, 2012 WL 10067674, at *2-3.

The Secretary determined that Medicare only covers ambulance transport between facilities where the originating facility is not an "appropriate facility" equipped to provide the care the patient needs. AR 6. The Secretary found that the air ambulance transport would not be covered because Plaintiff failed to "provide any evidence showing why Maui Memorial Hospital could not have performed the orthopedic surgery she needed." AR 26. Plaintiff argues that the Secretary's finding that no such evidence had been provided is contrary to the AR. ECF No. 16 at 7. Plaintiff's Motion for Summary Judgment points to pages 14 and 75 of the AR as evidence from Dr. Ayers that Maui was "not an option," and Plaintiff asserts that the failure to articulate how this evidence relates to the conclusion indicates the Secretary's decision was arbitrary and capricious. *Id.*

"The Secretary, however, need not discuss *all* evidence presented to [him]." *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (determining that the disability benefit denial decision of an ALJ who did not mention a psychiatrist's report and lay testimony from a former employee did not

---

[1] Available on the Centers for Medicare & Medicaid Services website: https://www.cms.gov/Regulations-and-Guidance/Guidance/Manuals/Internet-Only-Manuals-IOMs-Items/CMS012673.html (last visited June 27, 2019).

4

require reversal) (emphasis in the original). "Rather, [the Secretary] must explain why 'significant probative evidence has been rejected.'" *Id.* at 1395. If the evidence is not significant and probative, the Secretary's decision is not arbitrary and capricious for failure to discuss it. *Id.* at 1394-95.

Pages 14 and 75 of the Administrative Record are statements from the Plaintiff and the Plaintiff's spouse. AR 14, 75. These statements present hearsay evidence of what Dr. Ayers purportedly told them. "Maui surgery was not an option according to the surgeon on duty." AR 14. "The Surgeon [sic] in Maui told us to go home immediately and have the surgery performed by a Specialist [sic] in Fresno who would have to monitor my wife for at least 12 weeks." AR 75. "He said no surgeon would take over a case like hers if they did not do the surgery." *Id.* First, this testimony does not clearly address the question of whether Maui had the equipment and staff needed to provide Plaintiff's treatment. Therefore, it was not unreasonable for the agency to disregard these statements, as they were not necessarily probative of the essential issue.

Moreover, these statements are hearsay, and although "hearsay, if reliable and credible, could constitute substantial evidence in a variety of administrative settings," *Calhoun v. Bailar*, 626 F.2d 145, 149 (9th Cir. 1980), the nature of these statements suggests it was not unreasonable for the agency to disregard them. The *Calhoun* court does not give a bright-line test for the substantiality of hearsay in an administrative setting, but instead gives factors that courts should consider: (1) the independence or possible bias of the declarant, (2) the type of hearsay material submitted, (3) whether the statements are signed and sworn to as opposed to anonymous, oral, or unsworn, (4) whether the statements are contradicted by direct testimony, (5) whether the declarant is available to testify, (6) whether the party objecting to the hearsay statements subpoenas the declarant, (7) whether the declarant is unavailable and no other evidence is available, (8) the credibility of the declarant if a witness, or of the witness testifying to the hearsay, and finally, (9) whether the hearsay is corroborated. *Id.* Only one factor—factor eight, regarding credibility of the declarant—argues in favor of the substantiality of the hearsay evidence offered by Plaintiff, since it is likely that Dr. Ayers testimony would have been credited if it had been

presented. Most of the other factors are at best neutral. The third factor disfavoring oral statements weighs somewhat against the substantiality of the hearsay evidence.

Most importantly, the fifth factor about the availability of the witness weighs very heavily against the substantiality of the hearsay evidence. When a witness was available to testify but only hearsay evidence was offered in an administrative setting, courts can and do refuse to consider the hearsay evidence to be substantial. "When the original declarant is readily available and the introduction of hearsay does not result in a more efficient or effective presentation of evidence, the use of hearsay should be discouraged." *Jadallah v. D.C. Dep't of Emp't Servs.*, 476 A.2d 671, 679 (D.C. 1984) (determining that hearsay evidence of nontestifying but available witnesses used as the basis of an administrative ruling was so insubstantial as to compel overturning the agency decision). "When the alternative to relying on hearsay is to get the better evidence that is readily available, refusing to rely on the hearsay is appropriate." *Reguero v. Teacher Standards and Practices Comm'n*, 312 Or. 402, 419 (1991) (internal quotation marks omitted) (deciding that hearsay evidence of nontestifying but available witnesses should not have been used as substantial evidence in an administrative hearing).

As the Secretary points out in his Motion for Summary Judgment—and the Plaintiff corroborates in her February 22, 2018, letter to the MAC—Dr. Ayers is available to speak for himself. ECF No. 17 at 11; AR 14. Under the *Calhoun* factors, this justifies the conclusion that the hearsay evidence offered was not substantial. *Jadallah*, 476 A.2d at 679; *Reguero*, 312 Or. at 419. Since the hearsay evidence offered by Plaintiff does not rise to the level of "significant probative evidence" as required in *Vincent*, the Secretary was not required to discuss it. *Vincent*, 739 F.2d at 1394-95. The Secretary's determination that Plaintiff failed to prove that no Maui hospital was an appropriate facility is not arbitrary and capricious or contrary to the record. Since the Secretary was sufficiently justified in concluding that Plaintiff may have been able to receive the necessary treatment without being transported beyond Maui, Plaintiff may not claim repayment of air transport costs.

**B.      The Secretary's Determination That the Limitation on Liability Provisions Do Not Apply**

Plaintiff argues that reimbursement is appropriate in this case because Medicare has a provision that can justify coverage when a service is denied because it is not medically necessary. ECF No. 16 at 10; 42 U.S.C. § 1395pp. This section of the statute allows for Medicare to provide payment under certain circumstances if coverage was denied "by reason of section 1395y(a)(1) or (9)." Section 1395y(a)(1) denies coverage in situations when a service is not medically necessary. But the agency did not rest its decision in either §§ 1395(a)(1) or (9). The Secretary determined that Plaintiff's claim does not satisfy the requirements of 42 U.S.C. § 1395x(s)(7) and 42 C.F.R. § 410.40(e)(1), which together deny payment if a patient is not transported to the nearest appropriate facility. ECF No. 17 at 12.

Plaintiff argues that § 1395y(a)(1) nonetheless applies since the decision to cover none of the air ambulance transport is tantamount to concluding that transport was not medically necessary, and therefore § 1395pp applies to her claim and limits her liability. Plaintiff misreads the law. Section 1395pp does not apply every time a service is not medically necessary. Instead, as a district court in the Eastern District of Pennsylvania explained: "Section 1395pp . . . empowers the Secretary to make payments solely when a provider fails to meet § 1395y(a)(1) or (9), *but otherwise satisfies all other statutory prerequisites* to reimbursement." *Am. Ambulance Serv. of Pa. v. Sullivan*, 761 F. Supp. 1211, 1220 (E.D. Pa. 1991) (emphasis added). In this case, § 1395y(a)(1) may very well have been a reason Plaintiff's claim could have been rejected. But § 1395y(a)(1) was not the reason articulated by the Secretary, and it cannot be said that Plaintiff's claim otherwise satisfies all other statutory requirements aside from § 1395y(a)(1). Since Plaintiff's claim does not otherwise satisfy all the statutory prerequisites by virtue of its failure to meet the requirements of 42 U.S.C. § 1395x(s)(7) and 42 C.F.R. § 410.40(e)(1), the limitation on liability provided for in § 1395pp does not apply to Plaintiff's claim.

**C. The Secretary's Determination to Deny Payment Because the Supplier Had Not Accepted Assignment of Medicare Benefits**

The Secretary also determined that payment was inappropriate because the air ambulance supplier had not accepted assignment of Medicare benefits. AR 6-7. Medicare coverage of ambulance services is limited to suppliers that have accepted assignment of Medicare benefits. 42 C.F.R. § 414.610(b); *see also In the Case of J.L.*, No. M-11-899, 2011 WL 6960401, at *5 (H.H.S. MAC, June 8, 2011) ("no coverage was intended for ambulance services furnished on or after April 1, 2002 unless an assigned claim were to be submitted by the supplier of such services."). Plaintiff's Complaint does not seek judicial review of the Secretary's determination that the air ambulance supplier had not accepted assignment of Medicare benefits, nor does Plaintiff's Complaint seek judicial review of the Secretary's conclusion that 42 C.F.R. § 414.610(b) precludes coverage. ECF No. 1 at 7-8. Neither Plaintiff's Motion for Summary Judgment nor Plaintiff's Reply speak to this issue. The Court concludes that the Secretary's determination on this issue is sufficiently supported by evidence and the Court will not disturb the Secretary's decision to deny coverage on the basis of § 414.610(b).

### V. CONCLUSION AND ORDER

For the reasons stated above, Plaintiff's Motion for Summary Judgment is **DENIED** and Defendant's Motion for Summary Judgment is **GRANTED**. The Clerk of Court is directed to enter judgment accordingly and CLOSE THIS CASE.

IT IS SO ORDERED.

Dated: **July 8, 2019**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE